IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

DEIDRA LAVETTE SUMRALL                                                           PLAINTIFF

VS.                                                      CIVIL ACTION NO.  3:22-cv-160-TSL-FKB

KILOLO KIJAKAZI,
COMMISSIONER OF SOCIAL
SECURITY                                                                         DEFENDANT

## REPORT AND RECOMMENDATION

### I. Introduction

Diedra Lavette Sumrall filed applications for a period of disability and disability insurance benefits and for supplemental security income ("SSI") with the Social Security Administration ("SSA") on June 18, 2019, alleging an onset date of June 1, 2019.  [11-1] at 187, 194.  After her application was denied initially and upon reconsideration, she requested and was granted a hearing, which was held telephonically on August 12, 2021 before an administrative law judge ("ALJ").  *Id.* at 33-70.  On August 26, 2021, the ALJ issued a decision finding that Sumrall was not disabled, *id.* at 15-28, and the Appeals Council subsequently denied review.  *Id.* at 5-7.  Plaintiff is represented by counsel and has brought this appeal pursuant to 42 U.S.C. § 1383(c).  [1] at 1.

The parties have filed their briefs, and this matter is ripe for review.  *See* [16], [17].  Having considered the memoranda of the parties and the administrative record, the undersigned recommends that the Commissioner's decision be affirmed.

## II. Facts and Evidence

Sumrall was born on December 17, 1978 and was 42 years old at the time of the ALJ's decision. [11-1] at 28, 73. In her June 2019 application, she alleged that she is disabled due to skin cancer (unknown stage) and squamous cell carcinoma. *Id.* at 73, 219. She reported that she is five feet, four inches tall and weighs 258 pounds. *Id.* Her education is described as "limited," and it appears that she has completed the eleventh grade. *Id.* at 68, 245. She has worked as a personal care assistant/sitter and a poultry plant worker. *Id.* at 45-46, 220.

## III. The Decision of the ALJ

In evaluating Plaintiff's claim, the ALJ worked through the familiar sequential evaluation process for determining disability.[1] The ALJ found that Sumrall has not engaged in substantial gainful activity since her alleged onset date of June 1, 2019. *Id.* at 18. The ALJ found that Sumrall has the following severe impairments: status post left thumb amputation, polycystic

---

[1] In evaluating a disability claim, the ALJ is to engage in a five-step sequential process, making the following determinations:

(1) whether the claimant is presently engaging in substantial gainful activity (if so, a finding of "not disabled" is made);

(2) whether the claimant has a severe impairment (if not, a finding of "not disabled" is made);

(3) whether the impairment is listed, or equivalent to an impairment listed, in 20 C.F.R. Part 404, Subpart P, Appendix 1 (if so, then the claimant is found to be disabled);

(4) whether the impairment prevents the claimant from doing past relevant work (if not, the claimant is found to be not disabled); and

(5) whether the impairment prevents the claimant from performing any other substantial gainful activity (if so, the claimant is found to be disabled).

*See* 20 C.F.R. § 416.920. The analysis ends at the point at which a finding of disability or non-disability is required. The burden to prove disability rests upon the claimant throughout the first four steps; if the claimant is successful in sustaining her burden through step four, the burden then shifts to the Commissioner at step five. *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995).

kidney disease (PCKD), urinary incontinence, urticaria, obesity, diabetes mellitus, congestive heart failure (CHF), and hypertension. *Id.*

At step three, the ALJ concluded that Sumrall does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. *Id.* at 20. The ALJ examined her congestive heart failure under Listing 4.02 and found that it did not meet the Listing's criteria. Likewise, the ALJ looked at Listing 13.04 regarding her soft tissue carcinoma, which resulted in a distal phalanx amputation of her left thumb on her non-dominant hand on August 30, 2019. *Id.* at 20, 22, 395. The ALJ found that there was "no evidence of regional or distant metastases or persistent or recurrent following initial anticancer therapy," and found "no evidence of local spread with biopsy of sentinel nodes being negative." *Id.* at 20; *see also id.* at 457. Thus, the ALJ concluded that Sumrall did not meet the Listing. The ALJ also found that Sumrall's chronic kidney disease did not meeting Listing 6.05 and that her impairments related to obesity did not in combination meet or medically equal the criteria for any listed impairment. *Id.* at 21. Finally, the ALJ evaluated Sumrall's diabetes mellitus pursuant to Social Security Ruling 14-2p, and found that the condition, alone and in combination with other impairments, did not meet "listing severity or equivalence for any body system." *Id.*

Considering the entire record, the ALJ found that Plaintiff has the RFC to perform light work "except she can perform occasional handling and fingering with the left non-dominant upper extremity. She should avoid extreme temperatures such as cold of freezer or heat of blow torch." *Id.* Otherwise, the ALJ concluded that Sumrall "can have occasional exposure to concentrated pulmonary irritants such as industrial dust, odors, and gases." *Id.* While the ALJ

noted that Sumrall has "frequent incontinence issues" and recounted its treatment in the record, the RFC does not give specific guidance on that condition. *Id.* at 22-23. Instead, the ALJ concluded that "[t]he evidence does not support the presence of additional or greater exertional, postural, environmental, manipulative, communicative or other physical non-exertional limitations appreciably restricting the range of light work." *Id.* at 25. The ALJ further surmised that Sumrall is "capable of sustaining work within the determined residual functional capacity for two-hour blocks in an eight-hour workday, five days per week (or an equivalent work schedule), without the need for additional work breaks, excessive absences or other accommodations." *Id.* at 26.

Considering the evidence, the ALJ determined that Sumrall is unable to perform any past relevant work, and that she was a "younger individual" of 40 years old on her alleged onset date, with a limited education. *Id.* Using the Medical-Vocational Rules as a framework, the ALJ found that Sumrall is "not disabled," whether or not she has transferable job skills. *Id.* Relying on the testimony of a VE, the ALJ concluded that Sumrall can perform the light, unskilled jobs of counter clerk and usher. *Id.* at 27. Thus, the ALJ concluded that Plaintiff was not under a "disability" from June 1, 2019 through the date of the decision, August 26, 2021. *Id.* at 27-28.

## IV. Standard of Review

This Court's review is limited to an inquiry into whether there is substantial evidence to support the Commissioner's findings, *Richardson v. Perales*, 402 U.S. 389, 390, 401 (1971), and whether the correct legal standards were applied, 42 U.S.C. § 405(g) (2006). *Accord Falco v. Shalala*, 27 F.3d 160, 163 (5th Cir. 1994); *Villa v. Sullivan*, 895 F.2d 1019, 1021 (5th Cir. 1990). The Fifth Circuit has defined the "substantial evidence" standard as follows:

> Substantial evidence means more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. It must do more than create a suspicion of the existence of the fact to be established, but "no substantial evidence" will be found only where there is a "conspicuous absence of credible choices" or "no contrary medical evidence."

*Hames v. Heckler*, 707 F.2d 162, 164 (5th Cir. 1983). In applying the substantial evidence standard, the Court must carefully examine the entire record, but must refrain from re-weighing the evidence or substituting its judgment for that of the Commissioner. *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995). Conflicts in the evidence and credibility assessments are for the Commissioner and not for the courts to resolve. *Martinez v. Chater*, 64 F.3d 172, 174 (5th Cir. 1995). Hence, if the Commissioner's decision is supported by the evidence, and the proper legal standards were applied, the decision is conclusive and must be upheld by this Court. *Paul v. Shalala*, 29 F.3d 208, 210 (5th Cir. 1994), *overruled on other grounds, Sims v. Apfel,* 530 U.S. 103 (2000).

### V. Discussion

Plaintiff argues that the ALJ's decision should be reversed on two grounds, as follows:

1. The ALJ failed to evaluate Plaintiff's skin cancer pursuant to Listing 13.03.

2. The ALJ failed to accommodate Plaintiff's urinary incontinence in the RFC.

As stated above, the court must refrain from re-weighing the evidence. "[T]he task of weighing the evidence is the province of the ALJ. [The court's] job is merely to determine if there is substantial evidence in the record as a whole which supports the ALJ's decision." *Chambliss v. Massanari*, 269 F.3d 520, 523 (5th Cir. 2001). The Court must also review whether the decision comports with relevant legal standards. *Villa v. Sullivan*, 895 F.2d 1019, 1021 (5th Cir. 1990).

Turning to the first argument, the undersigned finds no basis for reversal. "For a claimant to show that his impairment matches a listing, it must meet *all* of the specified medical criteria. An impairment that manifests only some of those criteria, no matter how severely, does not qualify." *Sullivan v. Zebley*, 493 U.S. 521, 530 (1990)(emphasis in original). Plaintiff fails to meet Listing 13.04 for soft tissue sarcoma, which the ALJ analyzed, as well as the requirements of Listing 13.03 for skin cancer, which the ALJ did not evaluate. Listing 13.03 requires "[s]arcoma or carcinoma with metastases to or beyond the regional lymph nodes," or invasion of "deep extradermal structures (for example, skeletal muscle, cartilage, or bone)" that is recurrent after "wide excision[,]" along with specific metastases to adjacent skin or nearby lymph nodes. Medical records confirm that the underlying bone was "negative for tumor," and Sumrall had "tumor free margins" with "negative sentinel nodes." [11-1] at 395, 457; *see also id.* at 442. Furthermore, the medical records demonstrate that there has been no recurrence of the cancer. Because the record demonstrates that Plaintiff did not meet the criteria of Listing 13.03, Plaintiff fails to demonstrate that she suffered prejudice by the ALJ's failure to analyze whether she met it. Accordingly, this argument does not provide a basis for reversal or remand.

Plaintiff next asserts that the ALJ did not properly consider her urinary incontinence in the RFC, even though the ALJ found it to be a severe impairment. The Court observes that Plaintiff did not allege urinary incontinence as an impairment in her initial application or her July 2019 Adult Function Report. *Id.* at 73, 219, 228-235. Even so, she complained about urinary incontinence that waxed and waned during four medical visits between March and December 2020, as well as during her hearing before the ALJ. *See* [11-1] at 57-59, 451; [11-3] at 12, 14, 17.

Although the ALJ found urinary incontinence to be a severe impairment, there is nothing in the record to suggest that the ALJ's specific finding that Sumrall has the RFC for "two-hour blocks in an eight-hour workday, five days per week (or an equivalent work schedule), without the need for additional work breaks, excessive absences or other accommodations" would not accommodate her condition. *See* [11-1] at 26. Unlike the plaintiff in *Dane v. Comm'r*, No. 4:20-cv-323-CAN, 2021 WL 3513589 (E.D. Tex. Aug. 10, 2021), there is no medical opinion stating Sumrall would need more frequent breaks for her urinary incontinence. The Court also observes that Plaintiff's counsel neither cross-examined the VE on this issue nor provided any contrary evidence during the hearing. "[W]here the claimant offers no evidence contrary to the VE's testimony, the claimant fails to meet his burden of proof under the fifth step of the disability analysis." *Perez v. Barnhart*, 415 F.3d 457, 464 (5th Cir. 2005). Accordingly, this argument does not provide the basis for reversal or remand.

In sum, "the evidence presents conflicting testimony and reports that must be evaluated by their credibility. The Secretary, not the courts, has the duty to weigh the evidence, resolve material conflicts in the evidence, and decide the case." *Chaparro v. Bowen*, 815 F.2d 1008, 1010 -1011 (5th Cir. 1987). As in *Chaparro,* the Court finds "nothing to criticize in how the Secretary weighed the evidence and determined the case." *Id.* at 1011. Accordingly, the ALJ's decision is supported by substantial evidence, and no reversible error exists.

## VI. Conclusion

For the reasons stated above, the undersigned hereby recommends that the decision of the Commissioner be affirmed.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served with a copy[2] shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court.  28 U.S.C. § 636; Fed. R. Civ. P. 72(b); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

RESPECTFULLY SUBMITTED, this the 27th day of July, 2023.

/s/ F. Keith Ball
UNITED STATES MAGISTRATE JUDGE

---

[2] Where a document is served by mail, the party is considered to have been served on the date the document is mailed by the Court.  *See* Fed. R. Civ. P. 5(b)(2)(C).